MAINE MUTUAL MARINE INSURANCE COMPANY *versus* JOHN
B. SWANTON & *als.*

The by-laws of a mutual insurance company provided that any person giving
an "advance note" should become a member thereof; and that the direc-
tors may give up any or all of the advance notes, whenever they should
deem it for the interest of the company to do so. The defendants gave the
company an advance note, specifying that it should be subject to assessments
"at an equal per cent. with *all other* advance notes." — *Held* —

1. That the assessment is to be made upon all the advance notes remaining
uncancelled at the time it was made.

2. That the signers of advance notes are liable for the full amount thereof, if
required to pay the debts of the company.

ON REPORT.

ASSUMPSIT for assessments upon a note given to the plain-
tiffs by the defendants by their firm name, "Z. Hyde & Co."
The defendants claimed that the assessments were void be-
cause "advance notes" had been cancelled before these as-
sessments were made. The case is stated in the opinion.

*Shepley & Dana,* for plaintiffs.

*Gilbert,* for defendants.

The opinion of the Court was drawn up by

GOODENOW, J. — This action is assumpsit, founded on a
note given by the defendants to the company, dated Feb.
27th, 1856, by which note, for value received, they promise
to pay the plaintiff company, or order, fifteen hundred dol-
lars, in two months after demand, with interest after paya-
ble. On this note there are two indorsements of payments.
It is admitted that a demand on the defendants was duly
made by the plaintiffs, previous to the commencement of
the suit, and that the defendants constituted the firm of "Z.
Hyde & Co.," when the note was given. Upon the giving
of this "advance note," the defendants became members of
the corporation and subject to the provisions of its by-laws.
The fifth section of the by-laws gives authority to the direc-

tors to cancel and give up any or all of the advance notes whenever they shall deem it for the interest of the company to do so. The receipt given by the plaintiffs to the defendants, Feb. 27, 1856, states that the note shall be subject to assessments "at an equal per cent. with *all* other advance notes." This must be taken in connection with the authority given to the directors to cancel and surrender advance notes when they should deem it for the interest of the company to do so. "*All* other advance notes" must be construed to mean *all* other notes remaining uncancelled at the time of the assessment. The undertaking of the makers of these advance notes was, that each would pay the full amount of the note signed by him, if required to meet the losses and legal claims against the company.

By section 4 of the by-laws, all the corporate powers of the company were vested in a board of directors.

There must be *judgment for the plaintiffs.*

TENNEY, C. J., RICE, MAY, DAVIS and KENT, JJ., concurred.